IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Donald Wilson,<br>aka Donald Lorenzo<br>Wilson, | ) )<br>)<br>) | |
| | ) | Civil Action No. 8:09-2582-MBS-BHH |
| Petitioner, | )<br>) | |
| v. | )<br>) | **REPORT AND RECOMMENDATION** |
| | )<br>) | **OF MAGISTRATE JUDGE** |
| Mildred Rivera, Warden FCI-Estill, | )<br>) | |
| Respondent. | )<br>) | |

The Petitioner, a federal prisoner proceeding pro se, has filed this habeas petition

pursuant to 28 U.S.C. § 2241.  This matter is before the Court on the Respondent's motion

to dismiss or, alternatively, for summary judgment.  (Dkt. # 9.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),

and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review

posttrial petitions for relief and submit findings and recommendations to the District Court.

The Petitioner filed this habeas action on September 30, 2009.[1]  On December 10,

2009, the Respondent filed this motion to dismiss or, alternatively, for summary judgment.

By order filed December 11, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th

Cir. 1975), the Petitioner was advised of the summary judgment dismissal procedure and

---

[1]This date reflects that the date on which the petition was stamped as having been
received at the prison mailroom.  (Pet. Attach. # 3.)  *Houston v. Lack*, 487 U.S. 266
(1988)(holding prisoner's pleading is considered filed when filed with prison authorities for
forwarding to the district court).

the possible consequences if he failed to adequately respond to the motion. On February 10, 2010, the Petitioner filed a response in which he opposed the Respondent's Summary Judgment Motion.

## **FACTS PRESENTED**

The Petitioner is currently incarcerated at the Federal Correctional Institution in Estill ("FCI-Estill") serving an 88-month sentence imposed by the United States District Court for the Middle District of Georgia for possession with intent to distribute ("PWID") more than 100 kilograms of marijuana. (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 1.) His anticipated release date, with good time, is January 9, 2013. (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 2.)

On April 24, 2002, the Petitioner was arrested by the Drug Enforcement Agency ("DEA") on federal drug charges. (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3.) On April 25, 2002, he was released on bond. *Id.* On October 28, 2003, the Petitioner was arrested by the Albany, Georgia Police Department ("AGPD") for PWID marijuana. (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3, ¶ 5.) The Petitioner was released on bond on October 29, 2003. *Id.* On January 19, 2004, the Petitioner was again arrested by the GPD for entering an automobile. (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3, ¶ 6.) He was released on bond on January 19, 2004. *Id.*

On April 23, 2004, the Georgia District Attorney's Office dismissed the Petitioner's January 19, 2004, charge of entering an automobile. (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3, ¶ 7.) On October 5, 2004, the Petitioner pled guilty in state court to the October 28, 2003, PWID marijuana charge and was sentenced to six years, with the

requirement that he serve two years in jail and the remaining time on probation.  (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3, ¶ 8.)

On March 3, 2005, the Petitioner was temporarily released from the Georgia Department of Corrections ("GDC") to the United States Marshals Service via a writ of habeas corpus ad prosequendum.  (Resp.'t's Mem. Supp. Summ. J. Mot. Ex.# 3, ¶ 9.)  On March 4, 2005, the Petitioner was sentenced to 88 months by the United States District Court for the Middle District of Georgia on the conspiracy to PWID more than 100 kilograms of marijuana, to run consecutively to his state sentence.  (Resp.'t's Mem. Supp. Summ. J. Mot. Exs. ¶1, 3, and 10.)   On March 31, 2005, the Petitioner was returned to the GDC.  (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3, ¶11.)

On April 7, 2005, the United States Marshals Service lodged a detainer on the Petitioner with the GDC.  Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3, ¶12 and Ex. # 4.)  On August 24, 2006, the Petitioner was paroled from his state sentence and turned over to the United States Marshals Service to begin serving his federal sentence.  (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3, ¶13.)

The Bureau of Prisons ("BOP") determined that the Petitioner's federal sentence commenced on August 24, 2006.  (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. # 3, ¶14 and Ex. # 2.)   The BOP credited the Petitioner with three days prior custody credit toward his federal sentence.  (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. #3, ¶17 and Ex. # 2.)  Mr. Wilson was granted two days credit for April 24-25, 2002, when he was arrested by the DEA and held for two days before he was released.  *Id.*  The Petitioner was also given one day of credit for January 19, 2004, following his arrest by the AGPD for entering an

automobile, because the arrest occurred after the date of the federal offense, and this charge was dismissed on April 23, 2004; therefore, this day had not been credited toward any other sentence. (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. #3, ¶17.)

## APPLICABLE LAW

### MOTION TO DISMISS STANDARD

Pursuant to Rule 12(b)(6) a motion to dismiss may be granted when, construing allegations in light most favorable to plaintiff and assuming facts alleged in the complaint to be true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In deciding a Rule 12(b)(6) motion, the court can rely only upon the allegations in the complaint and those documents attached as exhibits or incorporated by reference. *Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir.1985). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the court must construe factual allegations in the nonmoving party's favor and treat them as true, the court need not treat the complaint's legal conclusions as true. *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217-18 (4th Cir.1994); *Custer v. Sweeney,* 89 F.3d 1156, 1163 (4th Cir.1996) (in 12(b)(6) analysis, court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted).

4

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the

existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

The Petitioner argues that he is entitled to federal credit for the time period after the federal detainer was placed on him. (Pet. at 4.) He alleges he was eligible for parole on his state charges, but could not be paroled because of the federal detainer. *Id*. The Respondent contends the Petitioner is not entitled to habeas relief.

Pursuant to 18 U.S.C. § 3585, the Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, and he has delegated that authority to the BOP under 28 C.F.R. § 0.96 (1992). The computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence.

It is well-settled that a federal sentence cannot commence before it is imposed, *United States v. Walker,* 98 F.3d 944, 945-46 (7th Cir.1996), and a district court has no power to award presentence credit. 18 U.S.C. ¶ 3585(b); *United States v. Wilson,* 503 U.S. 329, 333 (1992). According to 18 U.S.C. § 3585(a), "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . .

6

the official detention facility at which the sentence is to be served."  The calculation of credit for prior custody is governed by 18 U.S.C. § 3585(b)(1), which provides that a "defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b)(1).

Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). *See United States v. Wilson,* 503 U.S. 329, 333 (1992) (noting that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.' "); *United States v. Kramer*, 12 F.3d 130, 132 (8th Cir.1993) (explaining that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period" and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); *United States v. Mojabi,* 161 F.Supp.2d 33, 36 (D.Mass. 2001) (holding "section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."); *United States v. Arroyo*, 324 F.Supp.2d 472 (S.D.N.Y. 2004) (finding that the BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence; *Bacon v. BOP*, 2001 WL 34684734 (D.S.C. 2001).

As noted above, the Petitioner argues that he is entitled to federal credit for the time period beginning after the federal detainer was placed on him.  (Pet. at 4 and Attach. # 1

at 2.)  He alleges he was eligible for parole on his state sentence, but could not be paroled because of the federal detainer.  *Id.*

A detainer filed to hold a state prisoner to serve a federal term does not change his state custody status.  *Thomas v. Whalen,* 962 F.2d 358, 360 (4th Cir. 1992).  A detainer notifies the officials at the institution where a prisoner is confined that the prisoner is wanted in another jurisdiction upon release from prison.  *Id.* at 360-61.  In *Willis v. United States,* 438 F.2d 923 (5th Cir. 1993), the Court held that if a petitioner "was denied release on bail [by the state] because the federal detainer was lodged against him, then that was time spent in custody in connection with the [federal] offense."  Here, however, *Willis* credit is not available to the petitioner because nothing in the record indicates that the Petitioner was denied release on bail by the state authorities because a federal detainer was lodged against him.  *See Withers v. Drew*,  2010 WL 670101 n. 3 (D.S.C. 2010)(unpublished) (holding *Willis* credit was not because nothing in the record indicated that the petitioner was denied release on bail by the state authorities because a federal detainer was lodged against him.); *Robinson v. Owens*, 2008 WL 783782 * 8 (D.S.C. 2008)(unpublished) (same). There is no documentation to support the Petitioner's argument that the GDC intended to grant the Petitioner parole prior to August 24, 2006.  Accordingly, the Petitioner is not entitled to *Willis* credit.

Furthermore, while the Petitioner was borrowed from the Georgia state on March 3-31, 2005, by federal authorities via a federal writ of habeas corpus ad prosequendum to appear in federal court on the federal offenses, this time period would not be credited toward the Petitioner's federal sentence.  Prisoners who are in state custody and are

removed on a federal writ of habeas corpus ad prosequendum are not entitled to credit on a subsequent federal sentence for the days detained in federal custody on the writ when they received the credit towards their state sentence. *See Stewart Bailey,* 7 F.3d 384, 389 (4th Cir. 1993) (holding a prisoner is not "in custody" when he appears in another jurisdiction's court pursuant to an ad prosequendum writ; he is merely "on loan" to that jurisdiction's authorities); *United States v. Evans,* 159 F.3d 908, 911-12 (4th Cir.1998).

## CONCLUSION

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 9) be GRANTED and the Petitioner's habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 18, 2010
Greenville, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**